Case 25-03630   Document 6-2   Filed in TXSB on 09/08/25   Page 1 of 8

6/27/2025 1:55 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 102529442
By: Cassie Combs
Filed: 6/27/2025 1:55 PM

**EXHIBIT 2**

CAUSE NO. 2012-27197-D

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd. § | | IN THE DISTRICT COURT OF |
| Plaintiff, § | | |
| § | | |
| V. § | | HARRIS COUNTY, TEXAS |
| § | | |
| Ali Choudhri et al § | | |
| Defendants § | | 333rd JUDICIAL DISTRICT |

## MOTION TO CONFIRM AUTHORITY CONCERNING TURNOVER OF JUDGMENT DEBTOR'S INTEREST IN DALIO HOLDINGS I LLC

TO THE HONORABLE JUDGE, RANDY WILSON:

Receiver, Travis Vargo, seeks to confirm authority and would respectfully show:

1. On March 31, 2025, the Court appointed the undersigned Receiver pursuant to Tex. Civ. Prac. & Rem. Code § 31.002, the Turnover Statute, to collect judgment(s) against Ali Choudhri et al.[1] As of that date (March 31), all non-exempt assets of Ali Choudhri were turned over to the Receiver. *Walston v. Lockhart*, 62 S.W.3d 257, 259 (Tex. App.—Waco 2001, pet. denied) ("from the moment the court appointed the receiver over the property, the property was in custodia legis."), *see also Huffmeyer v. Mann*, 49 S.W.3d 554, 560 (Tex. App.—Corpus Christi 2001, no pet.) (a receivership may relate back to the date of the receivership hearing).

2. Generally, a charging order is the exclusive remedy for a judgment creditor seeking to collect against a judgment debtor's interest in a limited liability company ("LLC"). *See* Tex. Bus.

---

[1] The Court later signed an amended order on April 8, 2025 to address related entities in bankruptcy and assets that could arguably be part of the bankruptcy proceedings. They are collectively referred to herein as, the "Turnover Orders."

& Org. Code § 101.112. However, in *Heckert v. Heckert*,[2] the Fort Worth Court of Appeals explained that there are exceptions when a judgment debtor is the sole owner of the LLC.[3]

3.  Most importantly, in *WC 4th Colorado, L.P. v. Colorado Third Street, LLC*,[4] the presiding judge of this case wrote an appellate opinion explaining that a receiver is not limited to a charging order on a LLC interest if: (1) the LLC is owned exclusively by the debtor, and (2) there are no active business operations. *Id*. ("We agree that the exception announced in *Heckert* applies. The record reflects that WC 4th is not an operating business and no party's interest would have been disrupted by granting turnover relief. A charging order is not the receiver's exclusive remedy."). In that case, the court of appeals found that turnover relief was proper because the judgment debtor (Natin Paul) was the sole owner of WC 4th Colorado LP,[5] and the judgment debtor could not establish that any third party's interest would be disrupted because there was no leasing activity on the real estate and therefore no operating business. *Id*. at *13-14 (distinguishing the facts from *WC 4th & Rio Grande, LP v. La Zona Rio, LLC*, No. 08-22-00073-CV, 2024 WL 1138568, at *7 (Tex. App.—El Paso Mar. 15, 2024, no pet h.) (substitute mem. op.)). "The record reflects that WC 4th is not an operating business and no party's interest would have been disrupted by granting turnover relief. A charging order is not the receiver's exclusive remedy[.]" *WC 4th Colorado, L.P.* at *14.

---

[2] No. 02-16-00213-CV, 2017 Tex. App. LEXIS 10570, at *21 (Tex. App.—Fort Worth Nov. 9, 2017, no pet.).

[3] There are other exceptions to § 101.112. Courts have turned over the membership interests when the judgment creditor is the limited liability company itself. *Xiongen Jiao v. Ningbo Xu*, 28 F.4th 591, 600 (5th Cir. 2022), *Gillet v. ZUPT, LLC*, 523 S.W.3d 749, 752 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

[4] No. 14-22-00764-CV, 2025 Tex. App. LEXIS 2857 (Tex. App.—Houston [14th Dist.] Apr. 29, 2025) (op. rehearing) ("We agree with the rationale in Heckert, and consider whether the facts of this case are similarly exceptional to obviate the purpose of the rule—whether WC 4th was an operating business, and whether any party's interest would have been disrupted by granting turnover relief.").

[5] The opinion treats an LP and and LLC analogously. See *WC 4th & Colo.* at *11.

4. There is very little case law concerning, what constitutes an "operating business," however Receiver submits that there are a number of facts and/or factors that makes a business active or operating, including but not limited to:

- a. Whether the business creates revenue;
- b. Whether the business incurs expenses;
- c. The frequency (e.g., hourly, daily, weekly, etc.) of the alleged business activity (e.g., performing services, selling property, collecting rent, etc.);
- d. The recency of the last alleged business activity (e.g., a business that has not performed the alleged activity in a year is not operating);
- e. Objective evidence that the alleged business activity will occur in the future;
- f. Whether the business is solvent;
- g. Whether the business has employees;
- h. Whether the business pays taxes;
- i. Whether the business files income tax returns;
- j. Whether the business has a physical office or business premises;
- k. Whether the business has customers or seeks customers;
- l. Whether the business has a website;
- m. Whether the business manufactures goods;
- n. Whether the business performs services;
- o. Whether the business owns assets and rents them to customers;
- p. Whether the business hires vendors;
- q. Whether the business has a bank account; and
- r. Whether the business owns business property (e.g. construction equipment).

**DALIO HOLDINGS 1 LLC IS NOT AN OPERATING BUSINESS**

5.	As the Court may recall, Robert Norris authored a report discussing the assets of Debtor and it was filed with the Court.[6]  It is attached as Exhibit 2.  On page 10, it confirmed Debtor Choudhri's exclusive ownership and assets of Dalio Holdings 1 LLC as follows:

> **Dalio Holdings 1 LLC**
>
> **Entity Background**
> Dalio Holdings 1 LLC was formed by Choudhri in 20** to purchase and manage the assets listed below.  Dalio Holdings 1 LLC is 100% owned by Choudhri.
>
> **Significant Assets**
> - IBC Note:			$11,694,000
>
> **Significant Liabilities**
> - Outstanding Judgments		$23,127,000
>
> Litigation Risk – These amounts are disputed
>
> **Opinion of Value**
> Per the attached balance sheet, Choudhri's owner's equity in Dalio Holdings 1 LLC is -$11,433,252

6.	Importantly, Debtor Choudhri **has no** partners or co-members in Dalio Holdings 1, LLC, thus there are no third parties to disturb or inconvenience and thus the result should be a turnover of the LLC interest just like in *WC 4th Colorado, L.P. v. Colorado Third Street, LLC*.[7]  Consequently, it is also clear that the entity is nothing but a vehicle to hold ownership of a membership interest and has no business activity for this Court to disturb.  Mr. Norris's report

---

[6] Mr. Norris was designated by the Judgment Debtors on February 23, 2024.  The Judgment Debtors themselves produced Mr. Norris's report and it is admissible against them.  Tex. R. Civ. P. 193.7.  Mr. Norris's report was Exhibit 3 to his deposition, and is admissible as a deposition exhibit. *See Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000) (exhibits at depositions are competent admissible evidence).

[7] No. 14-22-00764-CV, 2025 Tex. App. LEXIS 2857 (Tex. App.—Houston [14th Dist.] Apr. 29, 2025) (op. rehearing) ("We agree with the rationale in *Heckert*, and consider whether the facts of this case are similarly exceptional to obviate the purpose of the rule—whether WC 4th was an operating business, and whether any party's interest would have been disrupted by granting turnover relief.")

indicates that Dalio Holdings 1 LLC has no business operations. *See* Exhibit 2 pg.10. It just owns the note. *See id.*

7. The Court should confirm that Dalio Holdings 1 LLC was turned over to the Receiver on March 31, 2025 and that any and all transactions concerning the assets of Dalio Holdings 1 LLC that were not approved, ratified by, or involving the Receiver are void. *See First S. Props., Inc. v. Vallone*, 533 S.W.2d 339, 341 (Tex. 1976) ("No one has the authority, even under a prior deed of trust or execution, to sell property held in *custodia legis* by a duly appointed receiver, unless the sale is authorized by the court in which the receivership is pending."), *Huffmeyer v. Mann*, 49 S.W.3d 554, 560 (Tex. App.—Corpus Christi 2001, no pet.) ("No one has the authority, even under a prior deed of trust or execution, to sell property held in *custodia legis* by a duly appointed receiver, unless the sale is authorized by the court in which the receivership is pending.").

8. Receiver anticipates that Debtor may reply with purported evidence to support an argument that Dalio Holdings 1 LLC is an active operating business. However, Receiver reminds the Court that Mr. Choudhri was ordered to produce the same evidence on or before April 10, 2025 and he failed to do so. *See Turnover Orders*, at Exhibit A #17a-i. Receiver moves to strike any evidence now produced and/or submits that the Court should disregard same as a sanction for failing to timely provide same. Mr. Choudhri's disobedience of the Court's Turnover Orders should not be rewarded and/or he given time to manufacture evidence that could defeat this motion.

## PRAYER

Receiver seeks an order confirming that the Dalio Holdings 1 LLC's membership interest was turned over to the Receiver on March 31, 2025 through the Court's Turnover Order; that Receiver has the power and authority to take control of and sell the assets of Dalio Holdings 1 LLC ; and that transactions involving Dalio Holdings 1 LLC are void.

Respectfully Submitted,

By:      /s/Travis B. Vargo
       Travis Vargo
       State Bar No. 24047027
       12012 Wickchester, Suite 670
       Houston, TX 77079
       (713) 524-2441 telephone
       (832) 779-8838 facsimile
       tvargo@vargolawfirm.com

**COURT APPOINTED RECEIVER**

**CERTIFICATE OF SERVICE**

I hereby certify on the 27th day of June, 2025, a true and correct copy of the foregoing was served on all counsel of record.

By:      /s/Travis B. Vargo
       Travis Vargo

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Poynter on behalf of Michael Poynter
Bar No. 24092991
eservice@vargolawfirm.com
Envelope ID: 102529442
Filing Code Description: Motion (No Fee)
Filing Description: MOTION TO CONFIRM AUTHORITY MEMORIAL GLEN COVE LLC
Status as of 6/27/2025 3:09 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Leigh Malinowski | | lmalinowski@grayreed.com | 6/27/2025 1:55:25 PM | SENT |
| Preston Kamin | | pkamin@grayreed.com | 6/27/2025 1:55:25 PM | SENT |
| Jennifer LMacGeorge | | jmac@jlm-law.com | 6/27/2025 1:55:25 PM | SENT |
| MacGeorge Law Firm Admin | | service@jlm-law.com | 6/27/2025 1:55:25 PM | SENT |
| Dalio Holdings | | legal@jetallcompanies.com | 6/27/2025 1:55:25 PM | SENT |
| Justin Rayome | | justin.r@jetallcapital.com | 6/27/2025 1:55:25 PM | SENT |
| Brandi RWilliams | | brwilliams@akingump.com | 6/27/2025 1:55:25 PM | SENT |
| Ali Choudhri | | ali@jetallcompanies.com | 6/27/2025 1:55:25 PM | SENT |
| Ali Choudhri | | ali@jetallcpapital.com | 6/27/2025 1:55:25 PM | SENT |
| James Pope | | jamesp@thepopelawfirm.com | 6/27/2025 1:55:25 PM | SENT |
| Averyll Mauch | | amauch@Mccathernlaw.com | 6/27/2025 1:55:25 PM | SENT |
| Rodney Drinnon | | rdrinnon@mccathernlaw.com | 6/27/2025 1:55:25 PM | SENT |
| Simone Nunez | | snunez@mccathernlaw.com | 6/27/2025 1:55:25 PM | SENT |
| Andy Taylor | | ataylor@andytaylorlaw.com | 6/27/2025 1:55:25 PM | SENT |
| Joe Sibley | | sibley@camarasibley.com | 6/27/2025 1:55:25 PM | SENT |
| David Thornton | | david@thorntonlawfirm.com | 6/27/2025 1:55:25 PM | SENT |
| Jennifer MacGeorge | | jmac@jlm-law.com | 6/27/2025 1:55:25 PM | SENT |
| Jim Wetwiska | | jwetwiska@akingump.com | 6/27/2025 1:55:25 PM | SENT |
| Danielle Chester | | dchester@mccathernlaw.com | 6/27/2025 1:55:25 PM | SENT |
| David Clark | | dclark@mccathernlaw.com | 6/27/2025 1:55:25 PM | SENT |
| Osama Abdullatif | | osama1966@sbcglobal.net | 6/27/2025 1:55:25 PM | SENT |
| Beth Mendez | | pbmendez@sbcglobal.net | 6/27/2025 1:55:25 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Poynter on behalf of Michael Poynter
Bar No. 24092991
eservice@vargolawfirm.com
Envelope ID: 102529442
Filing Code Description: Motion (No Fee)
Filing Description: MOTION TO CONFIRM AUTHORITY MEMORIAL GLEN COVE LLC
Status as of 6/27/2025 3:09 PM CST

Case Contacts

| Name | | Email | Timestamp | Status |
| --- | --- | --- | --- | --- |
| Beth Mendez | | pbmendez@sbcglobal.net | 6/27/2025 1:55:25 PM | SENT |
| Tammy Massa | | tmassa@mccathernlaw.com | 6/27/2025 1:55:25 PM | SENT |
| T. Michael Ballases | | Ballases@hooverslovacek.com | 6/27/2025 1:55:25 PM | SENT |
| Brice B.Beale | | Beale@hooverslovacek.com | 6/27/2025 1:55:25 PM | SENT |
| Michael Poynter | | mpoynter@vargolawfirm.com | 6/27/2025 1:55:25 PM | SENT |
| Travis Vargo | | tvargo@vargolawfirm.com | 6/27/2025 1:55:25 PM | SENT |
| Ali Choudhri | | ali@jetallcapital.com | 6/27/2025 1:55:25 PM | SENT |
| Justin Rayome | | justin.rayome.law@gmail.com | 6/27/2025 1:55:25 PM | SENT |
| Azhar Chaudhary | | chaudharylawfirm@gmail.com | 6/27/2025 1:55:25 PM | SENT |
| Azhar M. Chaudhary | | attorney@Chaudharyjd.com | 6/27/2025 1:55:25 PM | SENT |
| Scott Funk | | sfunk@grayreed.com | 6/27/2025 1:55:25 PM | SENT |
| Cameron Roth | | croth@akingump.com | 6/27/2025 1:55:25 PM | ERROR |